UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLON MANRRIQUE ARRIOLA
PACHECO (A-213-140-150),

Petitioner,

v.

WARDEN OF THE CALIFORNIA
DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-1047 DJC CSK

ORDER AND FINDINGS AND
RECOMMENDATIONS

Petitioner Marlon Manrrique Arriola Pacheco (A-213-140-150), a native and citizen of El Salvador who is proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  On or around October 30, 2017, petitioner arrived in the United States as an unaccompanied minor.  Petitioner was detained by immigration officials and later released.  On June 13, 2023, petitioner was convicted of violating California Penal Code § 220(a)(1), assault with intent to commit a violent felony (rape, sodomy, oral copulation), and sentenced to four years imprisonment.  On or around April 4, 2025, petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE").  Removal proceedings were initiated against petitioner based on his criminal conviction.  On March 23, 2026, an immigration judge ordered

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

petitioner removed to El Salvador.  Petitioner's appeal of this decision is pending with the Board of Immigration Appeals ("BIA").  This action concerns petitioner's re-detention.  For the reasons that follow, this Court recommends that the petition for writ of habeas corpus be granted and that petitioner receive a bond hearing within fourteen days of the adoption of these findings and recommendations.

## I.    BACKGROUND

On or around October 30, 2017, petitioner arrived in the United States as an unaccompanied minor.  (ECF No. 19-1 at 1-2.)  Petitioner was detained by immigration officials and later released.  (Id. at 2-3.)  On October 30, 2017, petitioner was issued a Notice to Appear charging him with being subject to removal under Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i) (8 U.S.C. § 1182(a)(6)(A)(i)) as a noncitizen who entered the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.  (ECF No. 19-3 at 8.)  On March 10, 2020, petitioner was issued a second Notice to Appear charging him with being subject to removal under INA section 212(a)(6)(A)(i).  (Id. at 10.)  Petitioner later filed a Trafficking Victims Protection Reauthorization Act ("TVPRA") asylum application which was approved on October 20, 2020.[2]  (Id. at 19.)

On June 20, 2022, petitioner was charged with violating California Penal Code § 220(a)(1), assault with the intent to commit a violent felony (rape, sodomy, oral copulation).  (ECF No. 19-4 at 6-8.)  On February 16, 2023, an immigration judge granted the governments' motion to administratively close petitioner's removal case because petitioner was detained in state custody pending criminal charges.  (ECF No. 19-3 at 16-17.)  On June 13, 2023, petitioner was convicted of violating California Penal Code § 220(a)(1).  (ECF No. 19-4 at 10.)  Petitioner was sentenced to four years imprisonment.  (Id. at 5.)  On or around April 4, 2025, petitioner's custody was transferred from the California Department of Corrections and Rehabilitation

---

[2]   The information regarding petitioner's TVPRA asylum application and the date it was approved is taken from a motion filed by the Department of Homeland Security ("DHS") to recalendar and dismiss petitioner's removal case.  (See ECF No. 19-3 at 18, 19.)

("CDCR") to ICE.  (ECF No. 1 at 6; ECF No. 19-2 at 2.)  On April 7, 2025, the government filed a motion to recalendar petitioner's removal case because petitioner was no longer in state custody.  (ECF No. 19-3 at 18-20.)  The government also moved to dismiss the 2020 charging document based on petitioner's criminal conviction occurring after the 2020 charging document.  (Id. at 19.)  On May 1, 2025, an immigration judge granted the government's motion requesting recalendaring and dismissal.  (Id. at 47-48.)

On May 22, 2025, petitioner was issued a third Notice to Appear charging him with being subject to removal under INA section 212(a)(6)(A)(i) (8 U.S.C. § 1182(a)(6)(A)(i)).  (ECF No. 19-7 at 1-3.)  On August 22, 2025, the government issued additional charges of admissibility charging petitioner with being subject to removal under INA section 212(a)(7)(A)(i)(I) (8 U.S.C. § 1182(a)(7)(A)(i)(I)), as a noncitizen not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other documents required by the Act, and INA section 212(a)(2)(A)(i)(I) (8 U.S.C. § 1182(a)(2)(A)(i)(I)), as a noncitizen convicted of, or who admitted having committed, acts which constitute the essential elements of a crime involving moral turpitude based on petitioner's June 13, 2023 conviction for violating California Penal Code § 220(a)(1).  (ECF No. 19-8 at 1-2.)

On August 22, 2025, the government filed a motion to terminate petitioner's asylee status based on petitioner's criminal conviction and to sustain removablity.  (ECF No. 19-3 at 1-5.)  On September 5, 2025, an immigration judge granted petitioner until September 12, 2025 to file a reply to the government's motion to terminate petitioner's asylee status.  (ECF No. 19-5 at 1-2.)  On March 23, 2026, an immigration judge denied petitioner's application for asylum, request for withholding under INA section 241(b)(3), request for withholding of removal under the Convention Against Torture and request for deferral of order of removal under the Convention Against Torture.  (ECF No. 19-9 at 1.)  The immigration judge ordered petitioner removed to El Salvador.  (Id. at 3.)  The immigration judge found petitioner inadmissible under the following sections of the INA: 212(a)(6)(A)(i), 8 U.S.C. § 1227(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."); 212(a)(7)(A)(i)(I), 8 U.S.C.

3

§ 1227 (not in possession of valid entry or travel documents); and 212(a)(2)(A)(i)(I), 8 U.S.C. § 1227(a)(2)(A)(i)(I) (conviction of a crime involving moral turpitude).  (Id.)  The March 23, 2026 order also states that petitioner's asylee status was terminated pursuant to INA section 208(c)(2)(B).  (Id. at 4.)  On April 6, 2026, petitioner's appeal of the immigration judge's order was received by the BIA.  See https://acis.eoir.justice.gov/en/caseInformation.  This appeal is pending.

## II.    PROCEDURAL BACKGROUND

On February 6, 2026, petitioner filed his petition for writ of habeas corpus and a motion to appoint counsel.  (ECF Nos. 1, 2.)  Petitioner also filed a motion to proceed in forma pauperis.  (ECF No. 13.)  Examination of the affidavit reveals petitioner is unable to afford the costs of this action.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

On February 10, 2026, the district judge referred the matter to the assigned magistrate judge for all further proceedings.  (ECF No. 4.)  On February 20, 2026, respondents timely filed an answer to the petition.  (ECF No. 8.)  On March 10, 2026, this Court granted petitioner's motion for appointment of counsel and appointed the Federal Defender to represent petitioner.  (ECF No. 14.)  On March 17, 2026, Assistant Federal Public Defender Florence Italia Patti was appointed to represent petitioner.  (ECF No. 15.)  On March 31, 2026, petitioner filed a reply to the answer.  (ECF No. 17.)  In his reply, petitioner raised concerns regarding the government's lack of documentation provided with its response and concerns regarding petitioner's access to records.  (ECF No. 17 at 1, 2.)  On April 8, 2026, the Court found that the record did not contain sufficient information to make a determination of the claims presented in the petition and also noted petitioner's concerns regarding access to records.  (ECF No. 18.)  This Court ordered respondents to file all documents relevant to the determination of the issues presented in the petition and in respondents' answer.  (Id.)  This Court ordered that respondents may file a supplemental brief together with the supporting documents and that petitioner may file a reply to respondents' supplemental brief.  (Id.)  On April 9, 2026, respondents timely filed a supplemental brief with supporting documents.  (ECF No. 19.)  On April 10, 2026, petitioner timely filed a reply brief.  (ECF No. 20.)  Briefing is complete.

4

### III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### IV.   DISCUSSION

Petitioner challenges his continued detention on the grounds that his prolonged detention violates the Fifth Amendment due process clause. (ECF No. 1 at 17-18.) In the supplemental brief, respondents raise now argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B), for his conviction of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), and for his conviction of a crime involving moral turpitude. (ECF No. 19 at 1-2.) In his reply, petitioner continues to seek immediate release, but contends that if he is subject to a mandatory detention provision, he is entitled to a bond hearing. (ECF No. 20 at 1-5.)

#### A.   Due Process Claim (Claim One)

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). This Court accepts without deciding respondent's contention that petitioner is detained pursuant to 8 U.S.C. § 1226(c) because he is subject to removal based on his criminal conviction for violating California Penal Code § 220(a)(1), assault with intent to commit a violent felony (rape, sodomy, oral copulation).[3] See 8 U.S.C.

---

[3]   The Court is mindful that petitioner has filed an appeal of the immigration judge's removal order.

§ 1226(c)(1)(B) (aggravated felony under § 1227(a)(2)(A)(iii)).[4]  Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States … therefore is not statutorily entitled to a bond hearing."  Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."  Id. at 532.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)."  Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention ... under [section 1226(c)].'"  Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied

_____

[4]  8 U.S.C. § 1226(c)(1)(B) applies to an aggravated felony conviction any time after admission under 8 U.S.C. § 1227(a)(2)(A)(iii).  It is unclear whether 8 U.S.C. § 1226(c)(1)(C), which applies to convictions for crimes of moral turpitude committed within five year of admission or within ten years for lawful permanent residents under 8 U.S.C. § 1227(a)(2)(A)(i), applies.

challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in his freedom from detention. See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner has been detained for over one year, and faces prolonged detention during his appeal to the BIA and further potential judicial

7

review.  This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution.  The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context).  In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context."  Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted).  Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[5]  Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention.  "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects."  Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process.").  The length of future detention is unknown and indefinite where petitioner's appeal to the BIA is

---

[5]  "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing."  Mohammed v. Warden of California City Detention Center, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Matthews test to prolonged detention claim under § 1225(b)(1)).  Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)).  As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

pending and was received on April 6, 2026, petitioner does not yet have a final removal order, and further judicial review is available after the BIA appeal.  In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government.  The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."  See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023).  Here, petitioner has been detained since April 4, 2025 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community.  It is not this Court' role to determine whether petitioner is a danger or flight risk, and a neutral arbiter may very well determine that petitioner is a danger given the seriousness of his underlying conviction that make him removable.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low."  Ortega v. Bonnar, 415 F. Supp. 3d at 970; Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025).  Detention hearings in immigration courts are routine, and impose a "minimal cost."  Doe, 787 F. Supp. 3d at 1094.  Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for over one year, his appeal to the BIA was recently filed and is still pending, and the length of his future detention is unknown where further judicial review is available and the removal order is not yet final.  See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-CV-0047-TLN-EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

**B.    Other Arguments**

Petitioner correctly notes that in the answer, respondents argued that petitioner is detained

pursuant to 8 U.S.C. § 1225, but in the supplemental brief, argue that petitioner is detained pursuance to 8 U.S.C. § 1226(c) and no longer argue that petitioner is detained pursuant to § 1225. (See ECF No. 8 at 1-2 (answer); ECF No. 19 at 2-3.) Petitioner argues that respondents therefore waived their argument that mandatory detention pursuant to 8 U.S.C. § 1226(c) applies because respondents failed to raise this argument in the answer. (ECF No. 20 at 5-6.) Though it is concerning to the Court that respondents do not even acknowledge their change in position (see ECF No. 19), this argument fails. To analyze petitioner's claim, as described above, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero, 534 F.3d at 1057. In other words, identifying the authority, or lack of authority, for petitioner's detention is not simply an argument to be made or waived by petitioner or by the government, but a requirement for the court to analyze petitioner's habeas challenge to his detention. Because the record did not contain sufficient information to make a determination of the claims presented in the petition and because petitioner raised concerns regarding access to records, the Court ordered respondents to file all documents relevant to the determination of the issues presented in the petition and in respondents' answer. (ECF No. 18.) This Court provided respondents with the opportunity to file a supplemental brief together with the documents and also provided petitioner with the opportunity to respond to respondents' supplemental brief, which petitioner has done. (Id.; ECF No. 20.)

## V.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 13) is granted.

IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  Respondent be ordered to provide petitioner Marlon Manrrique Arriola Pacheco (A-A-213-140-150) with a bond hearing before a neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where the government bears the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight.

3.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 17, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Pach1047.fr.imm.bond(2)/2

11